IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS; WESTERN WATERSHEDS PROJECT, <br><br> Plaintiffs, <br><br> vs. <br><br> BNSF RAILWAY COMPANY; BURLINGTON NORTHERN SANTA FE LLC, <br><br> Defendants. | CV 23-152-M-DLC-KLD <br><br> ORDER |

This matter comes before the Court on Defendant BNSF Railway Company ("BNSF") and Burlington Northern Santa Fe LLC's (collectively "BNSF" or "Defendants") Motion to Stay Proceedings (Doc. 16). Plaintiffs Wildearth Guardians ("Guardians") and Western Watersheds Project (collectively "Guardians" or "Plaintiffs") do not oppose a stay, but request that it be in place for no longer than 60 days. (Doc. 19 at 2). Accordingly, for the reasons set forth below, the Court finds a 60-day stay of this matter appropriate.

I.   **Background**

This case concerns the impacts of BNSF trains on grizzly bears in recovery areas in Montana and Idaho. In 1975, the U.S. Fish and Wildlife Service ("FWS") listed grizzly bears in the lower-48 United States as "threatened with extinction"

1

under the Endangered Species Act ("ESA"). 40 Fed. Reg. 31,734 (1975). FWS has designated six recovery zones for grizzly bears, including the Northern Continental Divide ("NCDE") in north-central Montana and the Cabinet-Yaak in northwest Montana and northern Idaho.

BNSF operates a railroad right-of-way between Shelby, Montana and Sandpoint Idaho, and between Kalispell, Montana and Columbia Falls, Montana. (Doc. 14 at ¶ 8). The railway between Shelby, Montana and Sandpoint, Idaho crosses both the NCDE and Cabinet-Yaak grizzly bear recovery zones. (Docs. 1 at ¶¶ 13, 15; 14 at ¶¶ 14, 15). The railway between Jones Junction, Montana and Sandpoint, Idaho crosses the Cabinet-Yaak grizzly bear recovery zone. (Docs. 1 at ¶ 16; 14 at ¶ 16).

Guardians allege that from 2008 to 2018, trains operating on BNSF railways killed or contributed to the deaths of approximately 52 grizzly bears in the NCDE recovery zone. (Doc. 1 at ¶ 14). In 2019, eight grizzly bears from the NCDE recovery zone were killed by trains on BNSF railways; in 2023, three grizzly bears from the NCDE recovery zone were killed by trains on BNSF or Montana Rail Link railways. (Docs. 1 at ¶ 14; 14 at ¶ 14). Plaintiffs further claim that trains operating on BNSF railways between Shelby, Montana and Sandpoint, Idaho, as well as Jones Junction, Montana and Sandpoint, Idaho, have struck and killed bears within the Cabinet-Yaak recovery zone. (Doc. 1 at ¶ 15). Trains operating on

BNSF railways have also struck grizzly bears outside of the recovery zones. (Docs. 1 at ¶ 18; 14 at ¶ 18).

On October 19, 2024, Guardians served BNSF with a notice of intent to sue. BNSF then applied with FWS for an Incidental Take Permit in June 2020. (Docs. 17 at 2; 20-2).[1] On January 12, 2021, BNSF published their Grizzly Bear Habitat Conservation Plan ("HCP") for comment in the Federal Register. (Doc. 17 at 2). BNSF resubmitted its application for an Incidental Take Permit on January 4, 2024, with its new Chief Executive Officer's signature attached. (Docs. 20 at 2; 20-2).

On December 14, 2023, Plaintiffs filed the current action seeking declaratory and injunctive relief (Doc. 1 at 11). Plaintiffs claim that Defendants have violated, and continue to violate, Section 9 of the ESA by operating or authorizing trains that unlawfully "take" grizzly bears. (Doc. 1 at ¶ 1). On February 16, 2024, Defendants filed this Motion to Stay. (Doc. 16).

**II.    Legal Standard**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S.

---

[1] It is unclear whether Plaintiffs dispute that Defendants first applied for an incidental take permit in June 2020 (*See* Doc. 19 at 4). However, Defendants provide a copy of this application, dated June 9, 2020. (*See* Doc. 20-2).

248, 254–55 (1936). A court "may stay an action 'pending resolution of independent proceedings which bear upon the case.'" *Montana Ass'n of Ctys. Prop. & Cas. Tr. v. Certain Underwriters at Lloyds*, 2020 WL 6202673, *6 (D. Mont. Oct. 22, 2020) (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)).

The court may issue a stay regardless of whether "the separate proceedings are judicial, administrative, or arbitral in character[]". *Lleyva*, 593 F.2d at 893–864. A stay is favored where (1) it would not be indefinite, (2) the plaintiff seeks only monetary damages, (3) resolution of the issues in the underlying action would assist with resolution of issues in the current action, and (4) it would promote docket efficiency and fairness to the parties. *McCollough v. Minn. Lawyers Mut. Ins. Co.*, 2010 WL 441533, *4 (D. Mont. Feb. 3, 2010) (citations omitted).

### III. Discussion

BNSF seeks to stay these proceedings pending FWS's forthcoming decision on their application for an Incidental Take Permit. BNSF maintains that a stay will promote the just and efficient determination of this case and will not prejudice either party. (Doc. 17 at 4). Specifically, BNSF argues that Guardian's claims and litigation will be rendered moot because BNSF will hold a permit authorizing takes that are incidental to rail line operations. (Doc. 17 at 5); *see Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003).

For their part, Guardians acknowledge the Incidental Take Permit may be relevant to these proceedings and therefore do not oppose a stay. (Doc. 19 at 6). Guardians request, however, that this Court limit any stay to 60 days from entry of its order resolving the Motion. (Doc. 19 at 6). BNSF accepts that a 60-day stay is appropriate. (Doc. 20 at 2).

The Court agrees. Indeed, FWS's resolution of BNSF's Incidental Take Permit will likely clarify many of the issues of this case. *See Montana Ass'n of Ctys.*, 2020 WL 6202673, *6. Moreover, because Guardians do not seek emergency relief, and because their allegations concern bear strikes dating back to 2008, neither party will be prejudiced by a limited stay. Therefore, in consideration of the above and in light of the parties' agreement, the Court finds that a 60-day stay is appropriate in this matter.

Accordingly, for the reasons set forth above,

**IT IS ORDERED** that Defendants' Motion (Doc. 16) is **GRANTED**. This case is hereby **STAYED** until October 15, 2024. The parties shall file a joint status report on October 15, 2024, advising the Court as to the status of FWS's decision and proposing a new case management schedule.

**IT IS FURTHER ORDERED** that should FWS issue its decision on BNSF's Incidental Take Permit before October 15, 2024, the parties shall file a joint status report on or before 14 days from entry of FWS's decision. The joint

status report shall advise the Court as to the status of BNSF's Incidental Take Permit and propose a new case management schedule.

DATED this 13th day of August, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge